IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


WILLIAM LEE CALL II,

          Plaintiff,

   vs.                                    Civil Action 2:10-CV-397
                                                Judge Sargus
                                                Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.


## OPINION AND ORDER


Plaintiff seeks review of the denial by the Commissioner of Social Security of his applications for disability insurance benefits and supplemental security income. On August 8, 2011, the United States Magistrate Judge recommended that the decision of the Commissioner be reversed and that the action be remanded for further proceedings. *Report and Recommendation*, Doc. No. 21. This matter is now before the Court on the Commissioner's objection to that *Report and Recommendation*. *Objections*, Doc. No. 22. The Court will consider the matter *de novo*. 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

The administrative law judge found that plaintiff's severe impairments consist of seizures, mild brain atrophy, borderline intellectual functioning and depression. The administrative law judge also found that these conditions, whether considered singly or in combination, neither meet nor equal a listed impairment. Rather, the administrative law judge found, plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but

with the following nonexertional limitations: plaintiff can never climb ladders, ropes or scaffolds and can frequently climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. Plaintiff should avoid all exposure to hazardous machinery and heights. Further, plaintiff's work should be limited to simple one- and two-step job instructions and routine/repetitive tasks in settings where there is no constant rapid pace. Relying on the testimony of the vocational expert, the administrative law judge found that this residual functional capacity permitted the performance of plaintiff's past relevant work as a janitor. Accordingly, the administrative law judge concluded that plaintiff is not disabled within the meaning of the Social Security Act.

The Magistrate Judge recommended that the decision of the Commissioner be remanded for further consideration of whether plaintiff's mental impairment meets Listing 12.05, 20 C.F.R. Pr. 404, Subpt. P, Appx. 1, which addresses mental retardation, and of plaintiff's ability to perform his prior work as a janitor in light of the requirements of that work as defined in the Dictionary of Occupations Titles. The Commissioner objects to both recommendations.

It is uncontroverted that plaintiff suffers from diminished cognitive functioning; the pertinent issue is whether that condition is properly characterized as mental retardation or is a consequence of encephalopathy and viral encephalitis contracted by plaintiff after he reached adulthood. In school, plaintiff was assigned to developmentally handicapped classes beginning at age 9. Page ID# 191-237. I.Q. tests administered by consultative psychologists in connection with plaintiff's applications for benefits, on which plaintiff achieved a full-scale I.Q.

2

score of 62 in September 2006, *Page ID#* 395, and a full-scale I.Q. score of 57 in May 2009, *Page ID#* 447, would satisfy Listing 12.05(C) and (B), respectively, should there be evidence of "deficits in adaptive functioning" that were initially manifested during the developmental period. *See Foster v. Halter*, 279 F.3d 348 (6th Cir. 2001). The two consultative examining psychologists did not diagnose mental retardation because they had not been provided plaintiff's school records. *Page ID#* 395-96; 449. One of those psychologists expressly requested plaintiff's school records. *Page ID#* 449.

The administrative law judge refused to provide those records to the consultative examining psychologists:

> Despite the WAIS-IV FSIQ score of 57 noted by Dr. Swearingen, there is no substantial evidence in the claimant's school records that the claimant has the required deficits in adaptive functioning before age 22, as required by listing section 12.05. Thus, the claimant's school records and the assessments of Drs. Tanley and Swearingen clearly do not satisfy the requirements of 12.05, even in light of the fact that the claimant was in developmentally handicapped classes.

*Page ID#* 49-50. In reaching this conclusion, the administrative law judge appeared to engage in his own independent evaluation of the psychological and educational records.[1] Under these circumstances, the Court agrees with the Magistrate Judge that the matter must be remanded to the Commissioner for further evaluation of this issue. In particular, the

_____

[1] It is true that, in evaluating plaintiff's residual functional capacity, the administrative law judge indicated that he relied on the opinions of the non-examining state agency psychologists and of one of the consultative examining psychologists. *Page ID#* 54. Of course, the Commissioner does not reach that stage of the sequential evaluation of disability absent an earlier finding that the claimant has no impairment that either meets or equals a listed impairment. 20 C.F.R. §§ 404.1520(a); 416.920(a).

Court concludes that the Commissioner must submit plaintiff's school records to the consultative examining psychologists for consideration of whether plaintiff's diminished cognitive functioning includes "deficits in adaptive functioning" that were initially manifested during the developmental period.

The Court also agrees with the Magistrate Judge's recommendation for further consideration by the Commissioner of whether plaintiff's prior relevant work as a janitor was consistent with the definition of such work in the Dictionary of Occupational Titles:

> In this case, the administrative law judge determined that plaintiff is able to perform his prior work as a janitor as actually and generally performed. *Page ID#* 54-55. According to the [Dictionary of Occupation Titles], the job of janitor may require the cleaning of machines, the use of a steam cleaner, burning waste and cleaning an incinerator, and operating an industrial truck. DOT 381.687.018. However, the administrative law judge's residual functional capacity precludes all work with machinery.

*Report and Recommendation*, p.11.   Administrative law judges have an "affirmative responsibility" to ask a vocational expert if the expert's evidence "conflicts with [the] information provided in the DOT." S.S.R. 00-4p, 2000 WL 1898704, at *4. Administrative law judges must also "obtain a reasonable explanation for ... apparent conflict[s]" if the vocational expert's evidence "appears to conflict with the DOT." *Id*. Under the circumstances presented in this case, the Court concludes that the administrative law judge failed to meet this requirement.

In short, and having carefully considered the record, the Court concludes that the Commissioner's *Objections*, Doc. No. 22, are without merit and they are therefore **DENIED**.  The *Report and Recommendation* is

4

**ADOPTED and AFFIRMED**.  The decision of the Commissioner is **REVERSED** and this action is **REMANDED** for further proceedings.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).


<u>8-29-2011</u>
   Date

                                     Edmund A. Sargus, Jr.
                           United States District Judge