IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM LEE CALL II,**

    Plaintiff,

vs.                                  Civil Action 2:10-CV-397
                                      Judge Sargus
                                      Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

### OPINION AND ORDER

This case sought review, under the provisions of 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security denying plaintiff's application for disability insurance benefits and supplemental security income. *Complaint*, Doc. No. 2, at ¶ 3. The United States Magistrate Judge recommended that the matter be remanded to the Commissioner. The Magistrate Judge based that recommendation on her conclusion that the administrative law judge had erred in failing to provide the consulting psychologist with plaintiff's school records, as requested by the psychologist, in order to evaluate plaintiff's claim of mental retardation under Listing 12.05(C), and in failing to reconcile the testimony of the vocational expert with the Dictionary of Occupational Titles ("DOT"). *Report and Recommendation*, Doc. No. 21. On August 29, 2011, the Court overruled the Commissioner's objections to the *Report and Recommendation*, reversed the administrative decision and remanded the matter to the Commissioner for further consideration of whether plaintiff's mental

1

impairment meets Listing 12.05(C) and of plaintiff's ability to perform his prior work as a janitor in light of the requirements of that work as defined in the DOT. *Opinion and Order*, Doc. No. 23. Final judgment was entered that same date. *Judgment*, Doc. No. 24. This matter is now before the Court on plaintiff's *Application for Attorney Fees Under the Equal Access to Justice Act (EAJA)* ("*Plaintiff's Motion*"), Doc. No. 25. Plaintiff specifically seeks an award of fees in the amount of $4,322.50, for 24.7 hours of work compensated at the rate of $175.00 per hour, and expenses in the amount of $367.13. *Id.* at 3. The Commissioner opposes plaintiff's request for fees. *Response to Plaintiff's Motion for Attorney Fees* ("*Commissioner's Response*"), Doc. No. 26. Plaintiff has not filed a reply. For the reasons that follow, *Plaintiff's Motion* is **DENIED**.

## II. STANDARD

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, authorizes an award of fees incurred in connection with judicial proceedings:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In *Commissioner, INS v. Jean*, 496 U.S. 154 (1990), the United States Supreme Court explained that, under the EAJA,

> eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4)

2

> pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Id.* at 158.

## III. DISCUSSION

Plaintiff seeks a total award of $4,689.63. *Plaintiff's Motion*, at 3. The Commissioner does not dispute that plaintiff is a prevailing party. The Commissioner does, however, contend that plaintiff is not entitled to an award under the EAJA because the Commissioner's position was substantially justified; the Commissioner also challenges the reasonableness of the fee sought. *Commissioner's Response*, at 9.

Whether or not the Commissioner's position was substantially justified is essentially a question of reasonableness. *Sullivan v. Hudson*, 490 U.S. 877, 883-85 (1989); *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988). The position of an agency is "substantially justified" if it is "'justified in substance or in the main' -- that is, justified to a degree that would satisfy a reasonable person." *Underwood*, 487 U.S. at 565-66. This "substantially justified" standard equates to a reasonable basis in both law and fact. *Id.* An agency's position can be substantially justified even if a court ultimately finds that the position was erroneous or not supported by substantial evidence. *See United States v. 2323 Charms Rd.*, 946 F.2d 437, 440 (6th Cir. 1991). However, the burden of showing substantial justification rests with the Commissioner. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *United States v. True*, 250 F.3d 410, 419 n.7

(6th Cir. 2001).

In the case *sub judice*, the Court based its reversal of the administrative decision on the failure of the administrative law judge to

> submit plaintiff's school records to the consultative examining psychologists for consideration of whether plaintiff's diminished cognitive functioning includes "deficits in adaptive functioning" that were initially manifested during the developmental period.

*Opinion and Order*, at 4. Reversal was also based on the administrative law judge's failure to ask a vocational expert if the expert's evidence conflicted with the information provided in the DOT and to obtain a reasonable explanation for apparent conflicts. *Id.*

The Commissioner argues that it was reasonable for the administrative law judge to not provide plaintiff's school records to the consulting psychologist because the records were requested for a limited purpose and it was clear that the records did not contain information relevant to that purpose; the Commissioner also argues that the administrative law judge's finding that plaintiff's cognitive impairment did not meet Listing 12.05(C) was supported by two experts who agreed that plaintiff's impairments did not meet any Listing. *Id.* at 3-5. The Commissioner also argues that the administrative law judge complied with his obligation to ask the vocational expert if the expert's testimony conflicted with the DOT. *Id.* at 7.

Although this Court rejected the Commissioner's arguments, the position of the Commissioner was substantially justified within the meaning of the EAJA. The opinions of Dr. Finnerty and Dr. Semmelman, who both agreed that plaintiff did not meet any Listing, support the

4

administrative law judge's determination that plaintiff's school records did not contain substantial evidence that plaintiff had the required deficits in adaptive functioning before age 22. *See* Page ID# 371, 373, 377, 383-83. Further, the administrative law judge asked the vocational expert how plaintiff "performed his job, both as he actually performed it and as it is typically done according to DOT, both before he was hopsitalized in 2001 and after he returned to work in November." Page ID# 96-97. Although this Court concluded that the administrative law judge should have provided plaintiff's school records to the consultative examining psychologist and that the administrative law judge's questioning of the vocational expert was insufficient, the Court cannot conclude that the position of the Commissioner was without substantial justification. *Cf. Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) ("The fact that we found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified."). Under these circumstances, an award of fees under the EAJA is unwarranted.[1]

Accordingly, Plaintiff's *Motion*, Doc. No. 25, is **DENIED**.

10-3-2012
Date

Edmund A. Sargus, Jr.
United States District Judge

---

[1] Because an award of fees is unwarranted, the Court will not address the reasonableness of the fee requested.

5